**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARY R. REMING; PATRICIA A. REMING,

                Plaintiffs - Appellants,

v.

HOLLAND AMERICA LINE INC., a Washington corporation; HOLLAND AMERICA LINE N.V., a foreign corporation; HAL ANTILLEN N.V., a foreign corporation; HAL NEDERLAND N.V., CORP., a foreign corporation; TROPICAL TOURS BAJA CABO, S.A. DE C.V., a foreign corporation,

                Defendants - Appellees.

No. 14-35249

D.C. No. 2:11-cv-01609-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Submitted September 2, 2016[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, McKEOWN, and DAVIS,*** Circuit Judges.

Appellant Gary Reming and his wife, Patricia Reming,[1] booked a Holland America Line cruise from San Diego, California to Mexico. During the cruise, Reming purchased tickets for a shore excursion in Mazatlán, Mexico. The excursion was operated by Tropical Tours Baja Cabo, S.A. de D.V. ("Tropical Tours"). On that excursion, while stopped at Cliff Diver's Plaza, Reming fell and sustained serious injuries after the pavement he had been walking on collapsed beneath him.

Reming filed suit against the cruise line, Appellee Holland America Line Inc., and three of its subsidiaries (collectively, "HAL") in the United States District Court for the Western District of Washington, asserting multiple claims of negligence under various theories and a claim for negligent misrepresentation and

***     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

[1]     Patricia Reming asserted a claim for loss of consortium, which the district court dismissed. *See Reming v. Holland Am. Line Inc.*, No. C11-1609RSL, 2013 WL 594281, at *7 (W.D. Wash. Feb. 14, 2013). She has abandoned her appeal of that dismissal, leaving Gary Reming as the only appellant. We use "Reming" throughout this memorandum to refer to Gary Reming only.

deceit.[2]  The district court granted summary judgment in favor of HAL.  *See*

*Reming v. Holland Am. Line, Inc.*, No. C11-1609RSL, 2013 WL 5963119, at \*4

(W.D. Wash. Nov. 7, 2013); *Reming v. Holland Am. Line, Inc.*, No. C11-1609RSL,

2013 WL 594281, at \*8 (W.D. Wash. Feb. 14, 2013).  Reming timely appealed,

and we affirm.

    **1.**    We review the district court's grant of summary judgment de novo

and employ the same standard used by the district court.  *See McIndoe v.*

*Huntington Ingalls, Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016).  The parties agree

that maritime law controls the outcome of this case.

    **2.**    The district court correctly identified the proper standard of care that

HAL owed under the circumstances.  Our precedent makes clear that, when a

passenger is off ship, the cruise line operator need only exercise reasonable care

with respect to that passenger under the circumstances of each case.  *Samuels v.*

*Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (quoting *Kermarec*

*v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)).

---

[2]    Reming also filed suit against Tropical Tours, but after Reming failed to serve process on Tropical Tours, the district court dismissed all claims against the company.  *See Reming v. Holland Am. Line Inc.*, No. C11-1609RSL, 2014 WL 801301, at \*3 (W.D. Wash. Feb. 28, 2014).  Reming does not challenge that dismissal.

**3.** HAL is entitled to summary judgment on the negligence claim. Because the condition that caused Reming's injury—walking on pavement that gave way—was not unique to maritime travel, HAL did not have a duty to warn unless it had "actual or constructive notice of the risk-creating condition." *Samuels*, 656 F.3d at 953 (citation omitted). At issue here is whether HAL had constructive notice. Reming argues that HAL should have known of the risk because one local newspaper in Mazatlán had reported the deteriorating conditions at Mazatlán's plazas in the months preceding Reming's fall. But Reming cites no authority requiring cruise ship operators to review newspapers from every port of call, let alone do so that extensively. Reming also points out that a cliff diver, a local vendor, and a Tropical Tours guide knew about the dangerous conditions. The cliff diver and local vendor have no connection with Tropical Tours or HAL, and it is unreasonable to expect that HAL should have contacted them or should have possessed the same intimate level of knowledge of the area. The Tropical Tours guide admitted that he "did not volunteer the information" to anyone because he thought that he could still conduct tours safely, E.R. 386, and HAL's failure to affirmatively ask the guide about an issue that it did not know existed is not unreasonable.

4

Moreover, the information that HAL routinely relied upon was extensive, and none of it provided a basis for concern. HAL completed a daily review of a comprehensive file of security and safety updates concerning each of its ports of call, including Mazatlán. The file contained materials from major international news outlets, the United States Department of State, and Carnival Corporation, HAL's parent company. Those materials did not report that Mazatlán streets posed a safety risk. In addition, thousands of visitors had toured the location where Reming's injury occurred without incident, leaving HAL unaware of any potential dangers.

HAL therefore did not have a duty to warn passengers about the dangerous conditions at Cliff Diver's Plaza. Our conclusion here subsumes Reming's argument that HAL also had a duty to inspect.

4.     No genuine dispute of material fact exists as to whether HAL negligently selected and retained Tropical Tours. To prevail on this claim, Reming must show that (1) Tropical Tours "lacked competence in providing reasonably safe" excursions and (2) HAL "knew, or in the exercise of reasonable care should have known, of this deficiency." *L. B. Foster Co. v. Hurnblad*, 418 F.2d 727, 730 (9th Cir. 1969). As to the negligent selection claim, the district court correctly noted that the record contains no evidence of how HAL initially selected Tropical

5

Tours more than 30 years ago. *See Reming*, 2013 WL 5963119, at *3 n.1. Without such evidence, no reasonable jury can return a verdict in Reming's favor.

As for his negligent retention claim, Reming argues that HAL did not diligently inquire into Tropical Tours's competence. Even if that were true, however, Reming has offered no evidence that Tropical Tours was unfit to operate excursions. The record reflects that Tropical Tours operated in Mazatlán for years without incident. HAL regularly made inquiries into Tropical Tours's performance, and those inquiries revealed no major safety concerns. When passengers complained about the Mazatlán tour, their complaints focused on disappointing aspects of their experience, such as too much traffic and too many crowds. And Reming's injury alone is an insufficient basis to find a lack of competence. *See Hurnblad*, 418 F.2d at 730 ("Several acts of antecedent negligence may be enough to warrant a finding of incompetence, but a single act of antecedent negligence would not warrant such a finding.").

Accordingly, the district court appropriately granted summary judgment for HAL as to the negligent retention claim.

**5.** There is no genuine dispute of material fact as to Reming's claims for negligent misrepresentation/deceit. To succeed on this claim, Reming must show, among other things, that HAL provided false information and that he relied on that

6

information.  *Lawyers Title Ins. Corp. v Baik*, 55 P.3d 619, 624 (Wash. 2002) (citation omitted).  Reming's contentions concern two statements on HAL's website in which HAL (1) represented that it operates its own tours and (2) stated that the tours provide the highest level of safety.  The claim as to the first statement fails because, according to his deposition testimony, Reming had assumed, regardless of the website's claim, that HAL did not operate the Mazatlán tour.  Thus, he cannot show that he relied on the information on HAL's website.  Moreover, the record does not show that the second statement was false.  HAL had offered the Mazatlán tour through Tropical Tours for years without any major safety concerns.  One incident of injury does not make the tour categorically unsafe.

HAL is entitled to summary judgment on these claims.

**AFFIRMED.**

7